**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) | |
| | ) | **CIVIL ACTION NO.:** |
| **Applicant,** | ) ) | |
| **v.** | ) ) | ***EXPEDITED RELIEF REQUESTED*** |
| | ) | |
| **AEROTEK, INC.,** | ) ) | |
| **Respondent.** | ) ) | |
| _____ | ) | |

**APPLICATION FOR PRELIMINARY INJUNCTION PURSUANT TO
42 U.S.C. § 2000e-5(f)(2)**

The United States Equal Employment Opportunity Commission ("EEOC") brings this action pursuant to §706(f)(2) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(2) ("Title VII"), to obtain a preliminary injunction.  EEOC seeks to enjoin Aerotek, Inc. ("Aerotek" or "Respondent") from:

1.  Taking any action, directly or indirectly, formally or informally, that interferes in any way with the investigation being conducted, and to be conducted, by EEOC of charges of discrimination that have been filed against Respondent, or any related discrimination charges that may be filed against Respondent, including but not limited to advising its employees (including Recruiter I's and Recruiter II's ("Recruiters")) that they should not be interviewed by or otherwise communicate with EEOC without Aerotek's counsel present; and

2.  Threatening to retaliate or taking any retaliatory measures of any kind, in violation of § 704(a) of Title VII, 42 U.S.C. § 2003(a), against any Aerotek employee or former employee who agrees to participate or does actually

participate in an interview with EEOC, and/or in EEOC's investigation in any way.

Finally, EEOC requests that the Order require that within one day of entry of the requested injunction, Aerotek shall provide to all of its Illinois owners, managers, and employees a copy of the Court's Order.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1343, and 1345.

2.      The interference with EEOC's investigation is occurring within the jurisdiction of the United States District Court for the Northern District of Illinois.

3.      Venue lies with this Court under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

4.      The plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(2) of Title VII, 42 U.S.C. § 2000e-5(f)(2).

5.      At all relevant times, Respondent Aerotek has continuously been doing business in the Northern District of Illinois, and has continuously had and does now have at least fifteen (15) employees.

6.       At all relevant times, Aerotek has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## SUBSTANTIVE ALLEGATIONS

7.      Marco A. Rivera ("Rivera") and Oscar A. Gutierrez ("Gutierrez") (collectively "Charging Parties") filed charges of discrimination ("Charges") against Aerotek on March 20, 2008 (amended August 7, 2009) and May 20, 2008 (amended August 17, 2009), respectively.

8.      Charging Parties worked most recently as Recruiter I's for three of Aerotek's seven Illinois offices.

9.      Charging Parties allege that Aerotek discriminated against them by segregating them, denying them training, and denying them promotions because of their national origin, Mexican.  They further allege that Aerotek constructively discharged them because of their national origin and retaliated against them for engaging in protected activities.  After receiving the Charges, the Commission sent Notices of the Charges to Aerotek.

10.     As part of EEOC's investigation into Gutierrez's and Rivera's Charges, Investigator Eric Lamb ("Lamb") mailed letters to sixty current and former Aerotek Recruiters requesting that they contact EEOC to provide relevant information.    Specifically, Lamb endeavored to determine whether other Recruiters had information relevant to the Charges, and whether other Recruiters had also allegedly suffered illegal discrimination.

11.     On November 13, 2009, Aerotek's counsel, Robert J. Smith, left Lamb a voice mail message reporting that he was "very disappointed" in Lamb's efforts to speak with Aerotek Recruiters.  In the message, Aerotek's counsel also reported that Aerotek management told current Recruiters not to call Lamb, but instead to direct Lamb to call Aerotek's counsel.  That same day, Lamb received a voice mail message from an Aerotek employee stating that she was willing to speak with EEOC.  Forty minutes later, the same Aerotek employee informed Lamb

that she was prohibited by Aerotek from speaking with him alone, and directed Lamb to contact Aerotek's counsel.

12.     Upon receiving Aerotek's message asserting that EEOC was not entitled to interview Recruiters independently, Lamb arranged a conference call with Aerotek's counsel, EEOC investigative staff, and EEOC attorneys.   During the telephone conference, Aerotek reported that Recruiters are not permitted to speak independently with an EEOC investigator because they are supervisors.   The next day, Respondent provided EEOC with a memorandum explaining Aerotek's position that "Recruiters and Recruiter II's are considered supervisors."   To support its position Respondent suggested that "[a]t bottom . . . Recruiter I's are responsible for negotiating wage rates, selecting and placing contract employees, evaluating their performance, disciplining or terminating them."

13.     To better understand Aerotek's claim that Recruiters are "supervisors and members of management," EEOC contacted former Aerotek Recruiter I's, Recruiter II's, and Account Managers to inquire about Aerotek Recruiters' duties.   EEOC obtained declarations from these former employees.   All of the declarations refute Aerotek's depiction of Illinois Aerotek Recruiters as supervisors and/or members of management.   Former Recruiters declared that they never hired, fired, demoted, promoted, disciplined, or evaluated any temporary employees.   They further declared that they did not have the independent authority to make employment decisions that could affect the terms or conditions of temporary employees' employment.   A former Account Manager corroborated the Recruiters' testimony by stating that Account Managers are managers and/or supervisors, but that Recuiters are not.   Aerotek Account Managers have supervisory authority over Recruiters.

14.     Nevertheless, EEOC has since refrained from independently contacting any Recruiters who work for Respondent, due to Aerotek's admitted prohibition of such communications.

15.     EEOC's ability to obtain witness cooperation and to complete the investigation into the Charges has been severely impaired - if not completely halted - by Aerotek's refusal to permit Recruiters to speak independently and freely with EEOC.

16.     Upon conducting a preliminary investigation into the Charges, and upon determining that Aerotek has unlawfully impeded EEOC's investigation, the District Director of EEOC's Chicago District Office has concluded, pursuant to § 706(f)(2) of Title VII and on behalf of EEOC, as authorized by EEOC's Procedural Regulations, 29 C.F.R. § 1601.23, that prompt judicial action is necessary to carry out the purposes of Title VII.

17.     If Aerotek is not enjoined from continuing to obstruct EEOC's investigation, EEOC, as well as current and former Aerotek employees, will suffer immediate and irreparable injury for which there is no adequate remedy at law.  Aerotek employees have already suffered the chilling effect of Aerotek's prohibition on Recruiters from speaking with EEOC or cooperating with EEOC's investigation without the presence of Respondent's counsel.

## PRAYER FOR RELIEF

For the foregoing reasons, the EEOC respectfully requests that this Court:

A.     Issue an Order directing Respondent to appear before this Court on a date certain to respond to EEOC's Application for Preliminary Injunction; and

B.     Upon having a hearing on EEOC's Application for Preliminary Injunction, issue a preliminary injunction restraining and enjoining all Illinois Aerotek owners, officers, agents, managers, supervisors, and employees, and all other persons acting in concert with them, from:

1. Taking any action, directly or indirectly, formally or informally, that interferes in any way with the investigation being conducted, and to be conducted, by EEOC of charges of discrimination that have been filed against Respondent, or any related discrimination charges that may be filed against Respondent, including but not limited to advising its employees (including Recruiter I's and Recruiter II's ("Recruiters")) that they should not be interviewed by or otherwise communicate with EEOC without Aerotek's counsel present; and

2. Threatening to retaliate or taking any retaliatory measures of any kind, in violation of § 704(a) of Title VII, 42 U.S.C. § 2003(a), against any Aerotek employee or former employee who agrees to participate or does actually participate in an interview with EEOC and/or in EEOC's investigation in any way.

C.   Award the EEOC its costs in this action.

D.   Grant such further relief as the Court deems necessary and proper.


Respectfully submitted,


JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, D.C.  20507

/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney


/s/ Diane I. Smason
Diane I. Smason
Supervisory Trial Attorney


/s/ Laura R. Feldman
Laura R. Feldman
Trial Attorney
IL. Bar No. 6296356
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois  60661
Laura.Feldman@EEOC.gov
(312) 353-6204

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) | |
| | ) | **CIVIL ACTION NO.:** |
|         **Applicant,** | ) ) | |
| **v.** | ) ) | |
| **AEROTEK, INC.,** | ) ) | |
|         **Respondent.** | ) ) | |

_____)

**<u>PROPOSED ORDER</u>**

This cause, coming to be heard upon the U.S. Equal Employment Opportunity Commission's ("EEOC") Application,  EEOC and Respondent Aerotek, Inc. ("Aerotek") having appeared before and been heard by the Court, through their respective counsel, the Court having received the submissions of EEOC and Aerotek, and the Court having found that (1) EEOC has a likelihood of success on the merits; (2) EEOC has no adequate remedy at law and will suffer irreparable harm in the absence of an injunction; (3) the balance of harm to EEOC and harm to Aerotek weighs in favor of EEOC; and (4) the public interest favors the grant of injunctive relief.

It is hereby ordered, adjudged and decreed as follows:

Aerotek, its Illinois owners, officers, agents, management officials, supervisors, employees, and all those in active concert or participation with them, or any of them, shall be and hereby are enjoined from:

    1.   Taking any action, directly or indirectly, formally or informally, that interferes in any way with the investigation being conducted, and to be conducted, by EEOC of charges of discrimination that have been filed against Respondent, or any

related discrimination charges that may be filed against Respondent, including but not limited to advising its employees (including Recruiter I's and Recruiter II's ("Recruiters")) that they should not be interviewed by or otherwise communicate with EEOC without Aerotek's counsel present; and

2. Threatening to retaliate or taking any retaliatory measures of any kind, in violation of § 704(a) of Title VII, 42 U.S.C. § 2003(a), against any Aerotek employee or former employee who agrees to participate or does actually participate in an interview with EEOC and/or in EEOC's investigation in any way.

It is further ordered that that within one day of entry of the requested Order, Aerotek shall provide to all of its Illinois owners, managers, and employees a copy of the Court's Order.

Enter: _____    United States District Court Judge: _____

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned, an attorney, hereby certifies that, having received consent in writing from Nina G. Stillman, Aerotek's counsel for the Gutierrez and Rivera EEOC Charges, pursuant to Federal Rule of Civil Procedure 5(b)(2)(e), she caused a copy of the foregoing to be sent by electronic mail to the following individual:

To:    Nina G. Stillman
       Morgan, Lewis & Bockius LLP
       77 West Wacker Dr.
       Chicago, IL 60601-5094
       <u>nstillman@morganlewis.com</u>


Date: December 14, 2009          <u>/s/ Laura R. Feldman</u>
                                 Laura R. Feldman